RESERVE LIFE INSURANCE COMPANY,
Appellant,

v.

Bill DECKER, Sheriff of Dallas County,
et al., Appellees.

No. 15653.

Court of Civil Appeals of Texas.

Dallas.

May 6, 1960.

Rehearing Denied June 3, 1960.

Joe Bailey Humphreys and William T. Ward, Dallas, for appellant.

Sexton & Owens, Orange, for appellees.

DIXON, Chief Justice.

Appellant Reserve Life Insurance Company brought this suit in a District Court of Dallas County, Texas, against Bill Decker, Sheriff of Dallas County, Texas; Sadie Stephens, Clerk of the County Court of Orange County, Texas; and Jessie D. Welch, a resident of Orange County, Texas. Appellant sought to enjoin enforcement of a writ of execution in connection with a judgment in the amount of $836.50 entered by the County Court of Orange County in favor of appellee Welch and against appellant, which writ of execution had been placed in the hands of Bill Decker, Sheriff of Dallas County, Texas.

Defendant Sadie Stephens, Clerk of the County Court of Orange County, did not file an answer. Defendant Bill Decker filed an answer in which he stated that he had no interest in the case other than the performance of his duty in accordance with the law, and that he appeared for the purpose of complying with any orders of the Court. The only real parties in interest are plaintiff-appellant Reserve Life Insurance Company and defendant-appellee Jessie D. Welch

Appellee Welch filed a plea in abatement. The plea was sustained, and judgment was entered dismissing appellant's suit, hence this appeal.

In passing on the appeal it will be necessary for us to discuss three lawsuits, which we shall refer to as Suit No. 1, Suit No. 2, and Suit No. 3.

### Suit No. One.

In Suit No. 1, styled "Jessie D. Welch v. Reserve Life Insurance Company," Cause No. 2129 in the County Court of Orange County, Texas, a trial on the merits was held October 16, 1956. This was a suit on an insurance policy. A jury returned a verdict in favor of appellee Welch. Appellee Welch asserts and appellant denies that during the same term of court judgment was rendered in open court in favor of Welch based on the jury verdict. On August 15, 1958 a motion for entry of judgment nunc pro tunc was filed by Welch. A hearing on the motion was held October 2, 1958. Appellant appeared by counsel at this hearing. The matter was heard by the same Judge before whom the trial on the merits had been held. The motion to enter judgment nunc pro tunc was sustained. Judgment was entered nunc pro tunc on October 2, 1958.

The judgment signed by the court contains this recitation:

"This judgment is entered as of this date, the 2 day of October, 1958, but is entered as of the 16 day of October, 1956, nunc pro tunc on which day a judgment for the Plaintiff was returned by the Court in accordance with the terms herein."

On November 26, 1958, 54 days after the signing of judgment, a Supersedeas and Cost Bond was filed by appellant. The appeal was not further prosecuted.

### Suit No. Two.

Suit No. 2 was filed in the County Court of Orange County, Texas on January 6, 1959 by the Insurance Company seeking to enjoin Welch from attempting to enforce the judgment he had obtained in Suit No. 1. As grounds appellant asserted that the court had not rendered either a written or an oral judgment in Suit No. 1 during the term of court at which the trial on the merits was had, therefore had lost jurisdiction to render a final judgment. To its

petition appellant attached copies of documents pertaining to Suit No. 1 as follows: (1) Welch's petition, (2) the Insurance Company's answer, (3) the nunc pro tunc judgment entered on October 2, 1958 as of October 16, 1956, and (4) the Insurance Company's supersedeas and cost bond filed November 24, 1956. A restraining order was granted and a hearing set for January 30, 1959.

On January 30, 1959 the County Court of Orange County, Texas, rendered a judgment, reduced to writing and signed by the Judge on February 15, 1959, lifting the temporary restraining order, sustaining exceptions filed by Welch, dismissing Suit No. 2, and ordering the County Clerk to disregard the "alleged supersedeas bond heretofore filed by Reserve Life Insurance Company" in Suit No. 1, and ordering the Clerk to issue a writ of execution in favor of Jessie D. Welch against the Insurance Company on the judgment entered in Suit No. 1. The written judgment in Suit No. 2 recites that the Insurance Company gave notice of appeal to the Court of Civil Appeals for the 9th Supreme Judicial District of Texas at Beaumont.

### Suit No. Three.

Meantime on February 5, 1959, prior to the signing of the judgment in Suit No. 2, Suit No. 3 was filed by the Insurance Company in a District Court of Dallas County, Texas. It is from a judgment of dismissal in Suit No. 3 that this appeal has been taken.

In Suit No. 3 the Insurance Company alleged that an execution in Suit No. 1 had been placed in the hands of the Sheriff of Dallas County. An injunction was sought restraining the named defendants from enforcing the judgment in Suit No. 1. The grounds were the same as alleged in Suit No. 2, namely, that in Suit No. 1 the judgment in favor of Welch was not rendered at the same term of court at which the trial on the merits was had, therefore the County Court of Orange County had lost jurisdiction to enter judgment. The

prayer for relief in Suit No. 3 was substantially the same as the prayer for relief in Suit No. 2.

In his plea in abatement filed February 15, 1959, in suit No. 3, Welch alleged that the Insurance Company on January 6, 1959 had filed Suit No. 2 in the County Court of Orange County, Texas, asserting the same cause of action later asserted in Suit No. 3 filed in Dallas County on February 5, 1959; that the issues in the two suits were the same; that on January 30, 1959 in Suit No. 2 the County Court of Orange County had rendered a judgment, but that the entry and signing of the written decree was still pending; and that the entry of said judgment would be determinative of the issues presented in Suit No. 3 in Dallas County. Attached to Welch's plea in abatement was a copy of the Insurance Company's petition in Suit No. 2 together with the exhibits attached to said petition.

On April 24, 1959 a hearing was held on the plea in abatement. The following exhibits consisting of copies of documents were introduced by Welch: (1) court's docket sheet in Suit No. 2, (2) the Insurance Company's petition in Suit No. 2, including attached copies of pleadings and instruments filed in Suit No. 1, (3) judgment of dismissal in Suit No. 2, and (4) the Insurance Company's exceptions to ruling of Court in Suit No. 2, and request for leave to amend.

The plea in abatement was sustained and Suit No. 3 was dismissed.

### Opinion.

Appellant Insurance Company's first point on appeal is that there is no evidence to support the sustaining of Welch's plea in abatement.

 We think there was ample evidence to support the plea in abatement. The certified copies of documents introduced in evidence show that Suit No. 2 was filed by appellant in Orange County before Suit No. 3 was filed by appellant in

Dallas County. In both suits appellant sought to enjoin enforcement of Welch's judgment in Suit No. 1. The same grounds were urged and substantially the same relief was sought in both suits. The two suits involved the same parties in interest: Appellant Reserve Life Insurance, and appellee Jessie D. Welch. By the time the plea in abatement was heard in the Dallas Court, the Orange County Court had decided the issues and rendered, signed and entered judgment against appellant, and appellant had given notice of appeal to the Beaumont Court of Civil Appeals. We think appellant's remedy was to file a supersedeas bond in Orange County, and prosecute its appeal from the judgment in Suit No. 2. Appellant's first point is overruled.

In its second point appellant says that Welch failed to plead any former final judgment involving the identical vital issues as to the case in bar.

█ It was not necessary for Welch to plead a former final judgment. It was only necessary for him to plead and prove the pendency of a prior filed suit involving the same cause of action and the same parties in interest. See 1 Tex.Jur.2d 40–48, and cases there cited.

█ In the instant case Welch pled and proved that a prior suit had been filed by appellant in Orange County raising the same issues and seeking the same relief, that is, the enjoining of Welch from enforcing his judgment in Suit No. 1. Thus the Court in Orange County had prior jurisdiction of the controversy regardless of whether it had entered a final judgment by the time Suit No. 3 was filed in Dallas County, or by the time the plea in abatement was heard in the Dallas County suit. Under the circumstances the Dallas Court properly sustained the plea in abatement. McDonald, Texas Civil Practice, Vol. 2, pp. 619–621. Appellant's second point is overruled.

The judgment of the trial court is affirmed.